BYRNES, Judge.
By this appeal, Leon Rudloff asserts that the Civil Service Commission for the City of New Orleans (Commission) erred in its decision to uphold his lay-off from his position as Management Analyst III in the Chief Administration Office. We remand the case as directed below.
On July 25, 1986, the Chief Administrative Office sent Rudloff, a classified employee of the City of New Orleans, a letter informing him that he would be laid off on August 3, 1986, due to budget reductions. Under Rule XII of the Commission’s Rules, the order for lay-offs within the ranks of classified employees is based in part on an average of an employee’s service ratings over a three year period. In Rudloff’s case, his service ratings for 1983, 1984 and 1985 were averaged to determine his ranking in the lay-off.
At dispute in the present case is the use of Rudloff’s 1983 service ratings, which rated his job performance at the “Needs Improvement” level. Rudloff contends that his appointing authority, Errol Williams, had invalidated the 1983 service rating because his evaluating supervisor was not objective. Rudloff asserts that this service rating is invalid, and should not have been used in determining his ranking in the lay-off schedule.
On August 12, 1986, Rudloff wrote a letter to the Department of City Civil Service appealing his lay-off, claiming that his 1983 service rating and his lay-off were invalid. He requested reinstatement to his former position with back pay. Subsequently the Commission considered this ‘appeal’ at its regular monthly meeting on August 21, 1986. During this meeting the Commission apparently heard testimony from Errol Williams concerning his invalidation of Rudloff’s 1983 service rating. Later Rudloff was notified by the Commission that “the service rating procedure employed in 1983 was properly administered pursuant to the provisions of Rule XI of the Commission’s Rules, and that any challenge or appeal concerning that year’s rating or rating procedure should have been timely lodged in 1983.” It is from this ruling that Rudloff now appeals.
By Rudloff’s first two assignments of error, he contends that he timely filed an appeal of his lay-off with the Commission. We agree. The Commission contends that Rudloff’s letter of August 12, 1986, was merely an attempt to appeal the 1983 “Needs Improvement” rating which under its rules is unappealable. However, it is apparent to us that by this letter, Rudloff sought an appeal of the consequences of this rating (i.e., being laid off) and was not attempting to appeal the rating itself. Rule II, Section 4.1 of the Commission’s Rules provides:
Regular employees in the classified service shall have the right to appeal to the commission from dismissal, involuntary retirement, reduction in pay, demotion, suspension and fine.
While the appeal of lay-offs is not specifically provided for in Rule II, this court has construed the language of the rule to afford classified employees the right of appeal in the event of lay-off actions mandated by budgetary constraints. Firefighters Local 632 v. Civil Service Commission, 495 So.2d 958 (La.App. 4th Cir.1986), writ denied, 499 So.2d 84 (La.1987). Rule II requires that persons appealing to the Commission do so in writing and within 30 days following the actions taken against the employee by the appointing authority. Our review of the record leaves no doubt that Rudloff's letter of August 12, 1986, to the Department of City Civil Service complied with the procedural requirements for appeals set forth in Rule II.
By his last two assignments of error, Rudloff contends that the Commission improperly considered the 1983 service rating, which was disapproved by his appointing authority, as one of the criteria in determining his rank in the proposed lay-off. This is the very issue raised by Rudloff in his appeal before the Commission. However no transcript of that hearing appears in the record before us and we are therefore unable to review the Commission’s *597 findings. Rule II, Section 4:13 of the Commission’s Rules states that:
An official transcript of employee appeal hearings shall be made by the court reporter ... and only this transcript and accompanying exhibits shall constitute the complete and official record of said proceedings.
Under these circumstances, we vacate the ruling of the Commission and remand the case for a new hearing to be conducted and transcribed as required by law.
VACATED AND REMANDED.